**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

----------------------------------------------------------------------------x

Shifra Kaufman

                Plaintiff,

         -against-

Scott, Parnell & Associates, P.C.

                Defendant.

---------------------------------------------------------------------------x

Case No: 4:15-cv-856
JURY

**PLAINTIFF SHIFRA
KAUFMAN'S COMPLAINT**

Plaintiff Shifra Kaufman ("Plaintiff") by and through her attorneys, the Margolies Law

Office, as and for her Complaint against Defendant Scott, PaCnell & Associates, P.C.

("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the

following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C.

   § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the

   Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt

   Collections Practices Act ("FDCPA").

1

## PARTIES

4.  Plaintiff is a resident of the State of Texas, residing in the County of Collin.

5.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in

    the FDCPA, with an address at 1120 Metrocrest Dr., Ste. 100, Carrollton, Texas 75006.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

    fully stated herein with the same force and effect as if the same were set forth at length

    herein.

7.  On information and belief, on a date better known to Defendant, Defendant began collection

    activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.  The Alleged Debt was incurred as a financial obligation that was primarily for personal,

    family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.

    § 1692a(5).

9.  On or around January 9, 2015, Plaintiff received a letter (the "Letter") from Defendant

    seeking collection of the Alleged Debt.  The Letter was Defendant's initial communication

    with Plaintiff in connection with the collection of the Alleged Debt.

10. The Letter identifies Defendant as a law firm, and states that the creditor intends to file a

    lawsuit against Plaintiff.

11. The Letter does not indicate whether an attorney actually reviewed the file and determined

    that a lawsuit was appropriate.  Upon information and belief, at the time that the letter was

    sent, no attorney employed by Defendant had done so.

12. The Letter also contained the following notice:

    "If you notify this firm within thirty (30) days after your receipt of this letter, that
    the debt or any portion thereof, is disputed, we will obtain verification of the debt

or a copy of the judgment, if any, and mail a copy of such verification or judgment to you."

13. 15 U.S.C. § 1692g(a) requires debt collectors, within five days of the initial communication with a consumer in connection with the collection of any debt, to notify the consumer in writing that,

> "if the consumer notifies the debt collector *in writing* within the thirty-day period [after receiving the notification] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

(emphasis added).

14. The language of the Letter quoted above in paragraph 12 does not disclose that in order to be entitled to verification of the Alleged Debt, Plaintiff would need to dispute it in writing, as opposed to orally.

15. The language of the Letter quoted above in paragraph 12 misleads the consumer as to her rights, and can cause the consumer to unknowingly waive the protection granted by 15 U.S.C. § 1692g(b), which requires a written dispute.

16. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692g, 1692e(3),

1692e(5), 1692e(10), and 1692f.

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is

entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in

this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  December 14, 2015

Respectfully submitted,

/s/ Andrew Margolies

Andrew Margolies, Esq.
TX Attorney I.D. #24074650
Margolies Law Office
7920 Belt Line Road, #650
Dallas, TX 75254
Tel: (469) 626-7765
Fax: (866) 489-1720
andrew@dallastaxattorney.com
*Attorneys for Plaintiff*